RIGHTER, Respondent, v. LOYAL PROTECTIVE ASSOCIATION, Appellant.

St. Louis Court of Appeals, April 28, 1908.

LIFE INSURANCE: Warranties in Application: Waiver.    In an action to recover the indemnity for disability provided for in a benefit certificate, where it was shown that, for nearly a year after the demand sued on had been rejected by the defendant, it had collected dues from the insured, it thereby waived its right to defend the action on the ground that the plaintiff had made untrue statements in his application for insurance.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Robertson & Robertson* for appellant.

*A. C. Whitson* for respondent.

(1)    The defense of misrepresentation by plaintiff in procuring the insurance 'in question is not open to defendant for two reasons: 1st.    Defendant is not a fraternal beneficiary association.    Gruewell v. Nat. Council K. & L. of S., 104 S. W. 884; Baltzell v. M. W. A., 98 Mo. App. 153, 71 S. W. 1071; Logan v. Insurance Co., 146 Mo. 114, 47 S. W. 948; Johnson v. Sovereign Camp, 119 Mo. App. 98, 95 S. W. 951; Brassfield v. K. of M., 92 Mo. App. 102; Herzberg v. Mod. Brotherhood, 110 Mo. App. 328, 95 S. W. 95; Morton v. Supreme Council, 100 Mo. App. 76, 73 S. W. 259.    2nd.    It has not tendered into court the premiums received from plaintiff as required of old line and assessment companies by sections 7891 and 7910, Revised Statutes 1899.    Loyd v. Insurance Co., 72 Mo. App. 461; Herzberg v. Mod. Brotherhood, 110 Mo. App. 328, 85 S. W. 986; Lavin v. Insurance Co., 101 Mo. App. 434, 74 S.

W. 366; Kern v. Legion of Honor, 167 Mo. 471, 67 S. W. 252. Section 7910, Revised. Statutes 1899 makes sections 7890 and 7891 relative to life and accident companies applicable to assessment companies.

GOODE, J.—This action is one on either a policy of insurance or a benefit certificate to recover indemnity for twenty weeks' total disability due to illness. Plaintiff insists defendant is an assessment company doing business under the laws of this State; whereas defendant insists it is a fraternal beneficiary association and exempt from the general insurance laws of the State. The importance of this question lies in the fact that plaintiff made certain untrue statements in his application for insurance, and if defendant is an assessment company, the statements are not a defense unless the matter represented contributed to the loss; whereas if defendant is a beneficiary association, the representation was a warranty and avoided the insurance. It should be stated in fairness to plaintiff, he contends the application was made out by the local agent of the defendant company who knew all the facts and advised plaintiff the information asked for was unimportant and need not be stated. These matters are irrelevant to the case on appeal as we understand it. The disability occurred May 14, 1905, and continued until October 8th. On or about October 15th proofs of disability were furnished the company and thereafter on October 25th, defendant made an examination of the proofs and of plaintiff's physical condition prior to the application, and its adjuster said the claim would be allowed and paid. On December 1, 1905, in a written communication transmitted from the home office of the company in Boston, and signed by the secretary of the company, plaintiff was notified his claim would not be allowed because statements in his application were

false, and he had gained membership in the association by misrepresentations of fact which rendered his policy null and void.    After thus repudiating the policy, defendant continued to call on plaintiff for the payment of dues up to the trial, which occurred in September, 1906.    These calls were signed by the same secretary who had notified plaintiff the company regarded his insurance as void, and he was directed to pay dues to the local collector at Vandalia, Missouri.    It is out of the question to permit defendant to treat the policy of insurance as valid for the purpose of collecting dues and as invalid for indemnity.    For nearly a year after plaintiff's demand had been rejected and long after the present action was instituted, the defendant company collected dues from plaintiff as an insured member. But it is said the insurance covered other matters besides indemnity for total disability, and therefore defendant was entitled to dues even though it rejected the present claim; that the indemnity covered accidents, etc.    We do not understand this argument.    If the policy was valid, plaintiff, on proof of disability, was entitled to indemnity for the period he was disabled.    Now the evidence made out a case of disability from sickness and he was as much entitled to be indemnified for that loss as for an accidental injury.    If the policy was a nullity from the start because of false representations in the application, it was a nullity as to all indemnities for which it provided.    In view of the continued collection of dues which defendant has not even offered to return, we hold it waived the defense of broken warranties.    [Smith v. Insurance Co., 2 Mo. App. 339; Insurance Co. v. Phillips, 70 S. W. (Tex. Civ. App.) 603.]

The judgment is affirmed.    All concur.